```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

CRAIG McCARRELL, et al.,           )
                                   )
            Plaintiffs,            )
                                   )
     v.                            )     No. 10 C 1530
                                   )
GLAZER'S DISTRIBUTORS OF           )
ILLINOIS, INC., etc., et al.,      )
                                   )
            Defendants.            )

## MEMORANDUM ORDER

Wirtz Beverage Illinois, LLC and Glazer's Distributors of Illinois, Inc. have filed a Notice of Removal ("Notice") to bring this employment discrimination action, filed against them by Craig McCarrell ("McCarrell"), Joseph Duplessis ("Duplessis") and Nathaniel Chavis, Jr. ("Chavis"), from the Circuit Court of Cook County to this District Court. This memorandum order is issued sua sponte to pose several questions that counsel for the parties ought to address promptly.

First, Complaint ¶15 acknowledges that Chavis has not received a letter from the Illinois Department of Human Rights ("Department") addressing his right to sue on the grounds he advances--and as with McCarrell and Duplessis, any reference to an EEOC right-to-sue letter is totally absent. Those gaps, coupled with the further questions hereafter posed as to those codefendants, pose problems as to the nature of his ability to pursue any of his claims in this lawsuit.

Next, both McCarrell and Duplessis have alleged their

receipt of letters from Department regarding their rights to sue under Illinois law (Complaint ¶¶11 and 13 and Exs. C-F). Although their Charges of Discrimination filed with Department were cross-filed with EEOC, the acknowledged absence of any corresponding EEOC right-to-sue letters (42 U.S.C. §2000e-5(f)(1)) scotch any potential Title VII claims on their part--see, e.g., Vielma v. Eureka Co., 218 F.3d 458, 466-67 (5th Cir. 2000) and cases cited there.

Lastly, it is not at all clear that the three coplaintiffs should be permitted to sue together under Fed. R. Civ. P. 20(a), rather than pursuing their individual claims separately. This is not intended to convey a definitive negative response to that question, but rather the need for its discussion at an early stage in the litigation.

In summary, what all this means is that the Complaint's references to Title VII, and in Chavis' case to the ADEA, are without substance and could not on their own support removal. Hence it is only possible claims under 42 U.S.C. §1981 that may potentially be entertained here--and as suggested earlier, as to those claims the question remains whether the three plaintiffs can proceed together or must file separate actions.

Accordingly this action is set for an initial status hearing at 9 a.m. March 16, 2010 to discuss the matters referred to in this memorandum order and any other subjects that the litigants

believe should be addressed at the threshold. In the meantime this Court is not issuing its customary initial scheduling order--something that it plans to do as soon as the underbrush discussed here has been cleared away.

                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Date:  March 10, 2010