```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

CRAIG MCCARRELL, et al.,       )
                               )
            Plaintiff,         )
                               )
     v.                        )       No.  10 C 1530
                               )
WIRTZ BEVERAGE ILLINOIS, LLC,  )
etc.,                          )
                               )
            Defendant.         )

## MEMORANDUM OPINION AND ORDER

On September 3, 2010 this Court ruled orally that the Fed. R. Civ. P. ("Rule") 12(b)(6) motion by Wirtz Beverage Illinois, LLC ("Wirtz") targeting the Amended Complaint ("AC") in this action should be granted in part and denied in part. At the conclusion of that hearing counsel for coplaintiff Nathaniel Chavis, Jr. ("Chavis") called this Court's attention to the fact that counsel had previously filed a response to an earlier Rule 12(b)(6) motion (Dkt. 40).

That motion, which was directed to the original Complaint, had been denied without prejudice on June 7, but this Court then identified it as an effort that could be revived if Wirtz then renewed its motion as to the AC (see its July 9 memorandum). With apologies for that oversight, this Court now addresses Wirtz's most recent motion as it applies to Chavis.

Nothing in Chavis' now-revived Rule 12(b)(6) response addresses Wirtz's challenge to the AC's advancement of a Title VII claim, a challenge based on all three plaintiffs'

having failed to avail themselves of EEOC's services, so that no right-to-sue letter (a prerequisite to bringing suit under Title VII) has been issued. Accordingly this Court's oral ruling granting dismissal of that claim in the AC is confirmed.

By the same token, Wirtz's counsel is dead wrong in having attacked the AC's advancement of a 42 U.S.C. §1981 ("Section 1981") claim because of the absence of a right-to-sue letter and thus an asserted failure to have exhausted administrative remedies. It has long been clear (see, e.g., Alexander v. Gardner-Denver Co., 415 U.S. 36, 45-49 (1974) and Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459-61 (1975)) that the two bases for charging race-based employment discrimination (Title VII and Section 1981) are totally independent of each other. And that is as true today as it was then (see, e.g., Walker v. Abbott Labs, 340 F.3d 471, 474 (7th Cir. 2003) and Tyson v. Gannett Co., 538 F.3d 781, 783 (7th Cir. 2008)). Hence this Court also reconfirms its oral ruling denying Wirtz's effort to trash all three plaintiffs' Section 1981 claims.

Chavis' state-based claim under Illinois law stands on a different footing, however. There the Illinois statutes set two strictly-construed timetables for an employee's resort to the court system:

> 1. 775 ILCS 5/7A-102(G)(1) gives the Illinois Department of Human Rights ("Department") 365 days within which to issue a report following the proper filing of a

charge of a civil rights violation.

    2. If no such report is issued within that time frame, the complainant then has 90 days to file either a complaint with Department or a civil lawsuit.

Here Chavis filed his charge with Department on October 30, 2008, so that the 365-day period beginning with the following day ended on October 30, 2009. Because Department rejected that filing on procedural grounds, Chavis asserts that his charge was not <u>perfected</u> until May 15, 2009, from which date a 365-day period ended on May 15, 2010.

Whichever of those expiration dates--October 30, 2009 or May 15, 2010--applies, Chavis is out of court. If the first of those started the 90-day clock for filing suit, that clock ran out on January 28, 2010, so that Chavis' filing of his suit in the Circuit Court of Cook County came one day too late. If however the second of those dates applies, the 90-day clock did not begin to tick until May 15, 2010, and under Illinois caselaw a premature lawsuit (remember that the original Complaint was filed in January 2010) must be dismissed (<u>Davis v. Human Rights Comm'n</u>, 286 Ill.App.3d 508, 676 N.E.2d 315 (1st Dist. 1997) holds that filing too early creates a lack of jurisdiction).

So Chavis' Illinois Human Rights Act claim was either too early or too late--take your pick. It is dismissed.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: September 7, 2010